IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO SCHWARTZENBERGER, | 1:10-cv-00263-GSA (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| vs. | |
| F. GONZALES, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

In this case, the petitioner is challenging a conviction from Contra Costa County, which is in the Northern District of California.  Therefore, the petition should have been filed in the United States

-1-

1  District Court for the Northern District of California. In the interest of justice, a federal court may
2  transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v.
3  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5  District Court for the Northern District of California.
6      IT IS SO ORDERED.
7  Dated:   February 24, 2010              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE